IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:23-CR-74-TAV-DCP |
| CHRISTOPHER ALLEN FLOWERS, | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. A Pretrial Order [Doc. 18] was entered in this case on March 15, 2024. Defendant Christopher Flowers filed an Unopposed Motion to Continue Trial and All Other Deadlines [Doc. 19] on April 5, 2024, which was referred to the undersigned by District Judge Thomas Varlan [Doc. 20] on April 8, 2024, for consideration and determination or report and recommendation, as may be appropriate.

Defendant asks the Court to continue his trial by sixty days. In support of his motion, Defendant asserts that he and counsel for the Government are in the end stages of plea negotiations. Defendant's motion states that granting a continuance will serve the ends of justice in that the need for additional time to properly prepare the case outweighs the best interests of the public and the defendant in a speedy trial. The motion reflects that Defendant understands that the period of time between the filing of this motion for continuance and a rescheduled court date will be fully excludable for speedy trial purposes. Further, Defendant notes that counsel for the Government has no objection to the relief sought.

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Defense counsel needs additional time to engage in plea negotiations and prepare for trial if negotiations are not fruitful. All of this cannot be done by the April 9, 2024 trial date.

The Court therefore **GRANTS** Defendant Flowers's Unopposed Motion to Continue Trial and All Other Deadlines [**Doc. 19**]. The trial of this case is reset to **September 17, 2024**. A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on April 5, 2024, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Flowers's Unopposed Motion to Continue Trial and All Other Deadlines [**Doc. 19**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **September 17, 2024, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **April 5, 2024**, and the new trial date of **September 17, 2024**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **August 16, 2024**;

(5) the deadline for filing motions *in limine* is **August 30, 2024**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **September 3, 2024, at 11:00 a.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **September 6, 2024**.

**IT IS SO ORDERED.**

ENTER:

_____
Debra C. Poplin
United States Magistrate Judge